# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BROCK E. HUFFMAN,**

    **Petitioner,**

**v.**                                     **Civil Action No. 2:10CV50**
                                              **Criminal Action No. 2:05CR18**
                                              **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

On October 26, 2010, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R")(Doc. 29), wherein the petitioner was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed his objection on November 20, 2010 (Doc. 33).

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the petitioner in his Motion to Vacate, which was filed pursuant to 28 U.S.C. § 2255, were thoroughly considered by Magistrate Judge Joel in his R&R. Upon review of the petitioner's objections, the Court finds that the petitioner has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his R&R.

Initially, this Court notes that it has carefully reviewed the sentencing transcript from the sentencing hearing held in this matter on December 7, 2005, and, while petitioner argues in his objections that Judge Maxwell relied on the collateral state convictions as a primary basis for departing upward to a sentence of sixty (60) months incarceration, the

Court does not find the record to support such an argument. Quite to the contrary, the Court finds that Judge Maxwell specifically and very thoroughly set forth several factors, pursuant to 18 U.S.C. § 3553(a), for departing upward from the recommended sentencing guidelines. More particularly, Judge Maxwell addressed the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment in the most effective manner as all being strong factors supporting an upward departure in this matter. He even specifically stated that, "[o]ne of the most important considerations for the Court today is the need to protect the community from further criminal conduct by this Defendant." (Tr. 16). Nowhere during the proceeding did Judge Maxwell make any reference to an intent or desire for the sentence to run concurrent to any prior or subsequently imposed state sentence.

Further, the Court has carefully studied the objections made to the R&R's recommendation that the Court find the petitioner's habeas petition as untimely under the one-year statute of limitations imposed by the AEDPA. As more fully set forth in the R&R, the court agrees with the Magistrate Judge in finding that the statute of limitations began to run on December 7, 2005. The Court further agrees that equitable tolling should not apply in this matter. Petitioner's hope that his federal and state sentences would run concurrent, and later discovery that they would not, is not an extraordinary circumstance preventing his timely filing, as required for equitable tolling. *See, e.g* **Harris v. Hutchinson**, 209 F.3d 325, 330 (4th Cir. 2000); **McCurry v. United States**, 2009 WL

2738725 (W.D.N.C. Aug. 26, 2009). Again, the Court reiterates that a review of the transcript and the judgment order presents no statements or rulings from Judge Maxwell that would have lead petitioner, or his counsel, to think the federal sentence would invariably run concurrent with any state sentences. Judge Maxwell had no control over previous or subsequent state sentences, and any strategic posturing on the part of petitioner and his counsel can, in no way, create an extraordinary circumstance.

Finally, petitioner objects to the R&R's finding that he was "in custody under sentence of a court established by Act of Congress," for the purposes of 28 U.S.C. § 2255, at the time he was sentenced by Judge Maxwell. Following sentencing by Judge Maxwell, petitioner was returned to the custody of the West Virginia Division of Corrections. Petitioner did not begin serving his federal sentence until April 20, 2009, and he now claims that he should be allowed to proceed as though he was not actually in custody under a sentence of a court established by an Act of Congress until that date. As very thoroughly and accurately addressed by the Magistrate Judge in his R&R, common law holds that a prisoner serving consecutive sentences under state and federal jurisdiction is in custody under a sentence of a court established by Act of Congress, after being sentenced in a federal court, regardless of which sentence he is serving. See **Peyton v. Rowe**, 391 U.S. 54, 67 (1968). The First, Fifth, Sixth Seventh and Eighth Circuits have specifically extended application of this holding to 28 U.S.C. § 2255. See **Desmond v. United States Board of Parole**, 397 F.2d 386 (1st Cir. 1968); **Simmons v. United States**, 437 F.2d 156 (5th Cir. 1971); **Ospina v. United States**, 386 F.3d 750 (6th Cir. 2004); **Holleman v. United States**, 721 F.2d 1136 (7th Cir. 1983); **Jackson v. United States**, 423 F.2d 1146

(8th Cir. 1970). The Fourth Circuit has also extended this holding, in dicta, to apply to 28 U.S.C. § 2255 cases. See **United States v. Hillary**, 106 F.3d 1170, 1172 (4th Cir. 1997). This Court, in adopting the R&R's thorough discussion and application of common law to the instant matter, finds that the petitioner was in custody under sentence of a court established by Act of Congress at the time that he was sentenced by Judge Maxwell, and that, therefore, the statute of limitations began to run on December 7, 2005. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable in this case. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 29) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 20) be, and the same hereby is, **DENIED** as untimely. It is further

**ORDERED** that petitioner's Motion for a Status Hearing or Order (Doc. 28) shall be, and the same hereby is, **DENIED AS MOOT**. It is further

**ORDERED** that the above styled action be, and the same hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court. It is further

**ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong (*citing* **Slack v. McDaniel**, 529

U.S. 473, 484 (2000)).

The Clerk of the Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED**: December 23, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE